## AFFIDAVIT

I, Lindsey Bosso, being first duly sworn, hereby depose and state as follows:

1. I am a Senior Special Agent with the Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Resident Agent in Charge, Pensacola, Florida. I have been so employed since June 2003. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2252 and 2252A. During my tenure as a Special Agent, I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in Title 18, United States Code, Section 2256) in multiple forms of media, including computer media. I have participated in the execution of numerous search and arrest warrants, dozens of which involved child exploitation and/or child pornography offenses.

## THE INVESTIGATION

2. On July 23, 2015, Synchronoss Technologies Incorporated, acting as an Electronic Service Provider (ESP), reported three image files to the National Center for Missing and Exploited Children (NCMEC), deemed by Synchronoss Technologies Inc. as containing child pornography. The files were listed as follows:

"d50c22f65de9425d95914b013cd4329b_file1"

"d50c22f65de9425d95914b013cd4329b_file2"

"d50c22f65de9425d95914b013cd4329b_file3"

Synchronoss Technologies Inc. identified these files in an online cloud based account on July 23, 2015, at 02:00:10 UTC, which were uploaded by cellular telephone number (850) ▆▆▆▆.[1]

3. Your affiant contacted NCMEC for any additional information. Your affiant was able to confirm that the file names supplied by Synchronoss Technologies Inc. had matching hash values to those stored in NCMEC's database of sexually exploited children. Of the above noted three hash values, two were recognized as known hash values - previously submitted by other law enforcement agencies as images/videos that indicate the presence of child pornography, whilst the remaining hash value was identified as having at least one known/identified child depicted in the image.

4. NCMEC generated a report, Cyber Tipline ▆▆▆▆, which was eventually forwarded to HSI for investigation. Specifically, on or about August 20, 2015, the North Florida Internet Crimes Against Children's Taskforce received information from NCMEC regarding the Synchronoss Technologies account associated with telephone number (850) ▆▆▆▆. Synchronoss Technologies provided confirmation to NCMEC that a person uploaded three files containing suspected child pornography to the cloud

---

[1] Through my training and experience, as well as conversations with other experienced law enforcement officers, a review of materials available on the public website for Synchronoss Technologies, Inc., and conversations with Michael Cocco, Senior Director of Compliance and Security for Synchronoss Technologies, Inc., I have learned that Synchronoss Technologies provides a variety of cloud based online storage services to mobile carrier companies including AT&T Inc., Verizon Wireless and Vodafone, as well as other companies with an interest in offering cloud based storage to their customers. These companies are then able to provide their subscribers with online storage accounts and services under their own brand names.

based online file storage account. That report resulted in the generation of NCMEC ▬▬▬▬▬▬. Review of the three child pornography files was conducted by your affiant and is described below:

"d50c22f65de9425d95914b013cd4329b_file1.jpg" is an image depicting a prepubescent female between the approximate ages of 3-8 years old. The child, who is clothed in a purple striped shirt only, is bent over a couch/bed with her anus and vagina displayed for the camera. A male's hand is in view and is observed on the upper thigh area of the child.

"d50c22f65de9425d95914b013cd4329b_file2.jpg" is an image depicting a prepubescent female between the approximate ages of 6-12 years old. The child is kneeling on a bed. She is forward facing and is fully nude. She has blonde hair and is holding a feathered mask to her face.

"d50c22f65de9425d95914b013cd4329b_file3.jpg" is an image depicting a prepubescent female between the approximate ages of 6-12 years old. She has dark colored hair and is lying on her back on some sort of furniture/ottoman. A male is vaginally penetrating the child with his penis. The male is stuffing/holding an article of clothing over the child's mouth.

5. Your affiant reviewed documents provided by NCMEC and determined that the provider for telephone number (850) ▬▬▬▬, which uploaded the images of child pornography, was Verizon Wireless. Your affiant issued a Department of Homeland Security summons to Verizon Wireless for the subscriber name, address, call and

SMS/MMS detail records, length of service and types of service utilized, along with source of payment between the time frame of July 1, 2015, through September 1, 2015, for telephone number (850) ▇▇▇. The following relevant account information was provided:

Account ID: ▇▇▇
Telephone number: 850-▇▇▇
Account name: ▇▇▇
Address: ▇▇▇, Milton, FL 32583

6. Your affiant conducted a query of the Florida Department of Highway Safety and Motor Vehicles Driver and Vehicle Information Database (DAVID) for the address: ▇▇▇, Milton, Florida. The query resulted with the following possible occupants:

Andre Martez Straughn- date of birth: ▇▇▇
Denise Marie Straughn- date of birth: ▇▇▇
Alanna Marie Straughn- date of birth: ▇▇▇

7. A search of online social media platforms revealed a Facebook account for "▇▇▇." Included in the account were pictures of who your affiant recognized as Andre Straughn and Denise Straughn, based upon previously viewed DAVID photos. Also included in the pictures publicly posted was a picture of a vehicle parked inside a garage. The Florida license plate for the car reads: ▇

4

███████. A subsequent query of the DAVID system for license plate ███████ revealed it is a 2007 black BMW convertible registered to owners Andre and Denise Straughn at ███████████████, Milton, Florida 32583.

8. On November 20, 2015, United States Magistrate Judge Elizabeth M. Timothy authorized a search warrant on the above noted Synchronoss Technologies cloud account. While the results of said search warrant were pending, on or about December 22, 2015, your affiant received an investigative lead from HSI Detroit regarding an arrest in the Detroit area involving the social media application known as "Kik." During a forensic review of the Detroit target's digital media, it was discovered the Detroit target had been communicating with who was believed to be Andre Martez Straughn. The nature of the communications appeared to regard the sharing of images and videos of child pornography as well as discussion of actual child sex. Detroit HSI was able to determine the identity of Straughn via legal process based upon an IP Address captured during "Kik" usage, which resolved to ███████████████, Milton, Florida 32583, via records obtained from AT&T. As such, your affiant believes Straughn was utilizing multiple electronic platforms to engage in online child pornography.

9. On or about January 6, 2016, your affiant received the results of the aforementioned Synchronoss Technologies federal search warrant. The results confirmed that the above noted account resolved to Straughn and that he is a traveling truck driver who travels with his cellular device and laptop (confirmed via images stored within the online storage account). On January 7, 2016, your affiant conducted surveillance of the

residence located at ███████████████, Milton, Florida. Your affiant again confirmed that Straughn lives at the residence, and that he is a traveling truck driver.

10. On January 19, 2016, United States Magistrate Judge Elizabeth M. Timothy authorized a federal search warrant (Case No. ██████) for ███████████████, Milton, Florida. Over the course of the approximately two weeks that followed, law enforcement conducted surveillance of said residence. This was all to no avail in that your affiant was unable to affirmatively place Andre Martez Straughn at ███████████████, Milton, Florida. In an abundance of caution, knowing that Straughn is a truck driver, your affiant chose not to execute the federal search warrant for fear that Straughn was not present. On February 2, 2016, United States Magistrate Judge Elizabeth M. Timothy authorized a new federal search warrant (Case No. ██████) for ███████████████, Milton, Florida. On the same date, the magistrate judge also authorized a federal search warrant regarding location information for (850) ███████ (Case No. ██████). Beginning on or about February 3, 2016, your affiant was able to learn the general location of Straughn pursuant to said warrant being served on Verizon Wireless. Over the course of the following few days, your affiant witnessed Straughn travel throughout Texas, Louisiana, Mississippi, Tennessee, Georgia, and eventually into Florida.

11. On February 6, 2016, your affiant determined that Straughn was returning home to Milton, Florida. As such, on said evening, law enforcement executed the above noted residential search warrant at ███████████████, Milton, Florida. Straughn was home. After being advised of his rights pursuant to *Miranda* as well as the nature of the

investigation, Straughn seemed nervous and somewhat despondent. It was clear to your affiant that he was withholding information.[2] Straughn informed your affiant that he did not maintain an online cloud storage account and did not utilize the social media application "Kik." As noted above, these platforms were material to Straughn committing child exploitation offenses. Straughn also told law enforcement that he was unable to positively remember the password to his cellular telephone – while your affiant knew very well that he had been traveling with it and using it right up until the search warrant execution. Law enforcement seized multiple pieces of electronic evidence for forensic review from the residence.

12. A preliminary forensic review began on February 8, 2016 (the Monday following February 6, 2016), and a significant amount of child pornography was located on Straughn's main laptop computer. This included videos/images of infants & toddlers engaged in sex acts, file folders containing sexual bondage involving children, and even "grooming" videos to normalize sexual relations for minors. Also located therein, it was revealed that Straughn did indeed maintain online cloud storage accounts as well as a "Kik" account. Therein, contraband was also located. Later that day, Straughn telephoned Detective Chris Wilkinson of the Pensacola Police Department, who was present during the aforementioned post *Miranda* interview. At that time, Straughn admitted to Detective Wilkinson that Straughn made false statements during his original conversation with Detective Wilkinson and your affiant (as noted, Straughn was admonished that lying to a

---

[2] Your affiant advised Straughn as to the criminal consequences of lying to a federal agent.

7

federal agent was a crime during the course of that original conversation, but he continued to make material false statements thereafter regarding platforms relevant to the investigation). That is, Straughn informed Detective Wilkinson that he did have both online cloud storage accounts and a "Kik" account. Moreover, Straughn admitted to Detective Wilkinson that Straughn was obtaining pornography via "Kik" and the online cloud storage service Dropbox (to include through groups/contacts on Dropbox). This was in direct contradiction to that which Straughn originally told your affiant on February 6, 2016, even after being warned of the consequences.

13. In the end, there was a wealth of child pornography in file folders referencing "Kik" and Dropbox on this laptop. Indeed, it appears Straughn maintained multiple digital devices that contained significant amounts of child pornography dating back approximately ten (10) years or more. The preliminary forensic examination has thus far revealed in excess of 25,000 images and videos of child pornography and child exploitation material procured by Straughn via multiple electronic platforms (e.g. – peer to peer software, newsgroups, Kik). The volume of child pornography as well as the graphic violence depicted therein is striking to your affiant.

14. Moreover, a federal search warrant was served on Straughn's online cloud storage account with Dropbox. His Dropbox account contained multiple folders with specifically labelled sub-folders within, and said subfolders contained a wealth of child pornography. That is, Straughn had folders with titles such as "Young," "Video CP," and "Yep young." Within some folders, there were sub-folders with titles such as "13yo,"

"12yo," and "6yo." Your affiant knows such folder titles to reference the age of minors generally utilized in the world of online child sexual exploitation.

## CONCLUSION

Based on the aforementioned factual information regarding child pornography and the defendant's material false statements upon interview, your affiant respectfully submits this affidavit in support of probable cause for an arrest warrant as Straughn is in violation of 18 U.S.C. §§ 2252, 2252A, and 1001.

Further, your affiant sayeth not.

/s/
Lindsey Bosso, Special Agent
Homeland Security Investigations

Subscribed and sworn before me this *redacted* day of March, 2016.

/s/
ELIZABETH M. TIMOTHY
United States Magistrate Judge